NO. 07-02-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 15, 2002

_____

CEDRIC JEROME HENRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82275; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Cedric Jerome Henry was convicted by a jury of murder and punishment was assessed at life imprisonment and a $10,000 fine. Appellant timely perfected his appeal and pursuant to Rule 35.3(b)(2) of the Texas Rules of Appellate Procedure, requested that the reporter's record be prepared. The clerk's

record was filed on January 11, 2002. The reporter's record was due to be filed on March 8, 2002, but has yet to be filed. By letter dated March 20, 2002, this Court notified the official court reporter, Margaret Thorne, of the defect. The Court also requested that in the event the record could not be immediately filed, that Ms. Thorne complete a form for an extension of time that was enclosed with this Court's letter within ten days. Ms. Thorne did not file the reporter's record nor file a request for an extension of time. Thus, we now abate this appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute this appeal, and if so,
2.      whether appellant is indigent; and
3.      why appellant has been deprived of a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant a reporter's record. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall

2

also be included in the appellate record.  Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, May 31, 2002.

It is so ordered.

Per Curiam

Do not publish.